IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KEN FERGUSON,<br><br>    Plaintiff,<br><br>v.<br><br>THE ADDISON GROUP, L.P. AND MONDO INTERNATIONAL, LLC,<br><br>    Defendants. | Civil Action No. 2021CV349617<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Ken Ferguson ("Plaintiff" or "Mr. Ferguson"), by and through undersigned counsel, and files his Complaint for Damages against Defendants The Addison Group, LP ("Defendant" or "Addision") and Mondo International, LLC ("Defendant" or "Mondo") collectively the Defendants. Plaintiff respectfully shows the Court as follows:

### NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for unlawful discrimination based on race, ethnicity, national origin, and retaliation in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

**EXHIBIT A**

## JURISDICTION AND VENUE

2.

Because all or a substantial majority of the events giving rise to Plaintiff's claims occurred in Fulton County, venue is proper in this Court.

## PARTIES

3.

Plaintiff is a resident of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant The Addison Group, L.P. is a domestic limited partnership authorized to conduct business in Fulton County.

5.

Defendant Addison is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within Fulton County.

6.

Defendant Addison may be served by delivering a copy of the summons and complaint to its Registered Agent, Thomas E. Addison, III, at 2575 Peachtree Rd, #25 G/H, Atlanta, GA 30305.

7.

Defendant Mondo International, LLC is a foreign limited liability company authorized to conduct business in Fulton County.

8.

Defendant Mondo is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within Fulton County.

9.

Defendant Mondo may be served by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, 400 Peachtree Corners, GA 30071.

## FACTUAL ALLEGATIONS

10.

Plaintiff began working for Mondo on June 10, 2017 as Sales Manager. Plaintiff was later promoted to Market Director.

11.

Over the course of Plaintiff's employment, Plaintiff had never received any disciplinary action.

12.

Plaintiff observed some conversations within the company that Plaintiff

believed were discriminatory in nature.

13.

More specifically, Plaintiff observed that minority employees, including himself, were treated differently and in a disrespectful manner.

14.

Stephanie Wernick, the company President, called Plaintiff an "asshole" and "worthless."

15.

Caucasian employees were treated more favorably than Plaintiff.

16.

On April 28, 2020, without any advanced notice or legitimate basis, Defendants issued Plaintiff a performance improvement plan (PIP).

17.

The following morning, Plaintiff met with Joseph Lehan, Human Resources representative, to complain about the discriminatory conduct.

18.

Plaintiff further complained to Lehan—and later to Wernick—that Plaintiff believed the PIP was the product of race discrimination and the result of his earlier complaints.

19.

The following day, on April 30, 2020, Lehan and Wernick called Plaintiff.

20.

On the call, Wernick explained that she was terminating Plaintiff's employment because, as it was apparent to her from his complaints of discrimination, that Plaintiff was not happy.

21.

On April 30, 2020, Mondo terminated Plaintiff's employment.

22.

Others outside Plaintiff's protected class were treated differently.

## CLAIMS FOR RELIEF

### COUNT Plaintiff:
### COUNT IV: VIOLATION OF 42 U.S.C. § 1981

23.

Plaintiff re-alleges paragraphs 1-22 as if set forth fully herein.

24.

Plaintiff is African American.

25.

Defendants subjected Plaintiff to unlawful discrimination on the basis of his race (African American).

26.

Plaintiff had an employment agreement with Defendants within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendants, and Defendants compensated Plaintiff for work.

27.

Plaintiff performed his contractual obligations.

28.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. § 1981.

29.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

30.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well-being.

31.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

32.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

33.

Defendants chose not to take appropriate remedial steps to prevent or correct the unlawful discrimination.

## COUNT II:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

34.

Plaintiff re-alleges paragraphs 1-22 as if set forth fully herein.

35.

Plaintiff engaged in protected conduct when he complained about race-based discrimination.

36.

Defendants subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

37.

There was a causal connection between the protected conduct and the adverse action.

38.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

39.

Defendants, therefore, is liable for the damages caused proximately resulting from its retaliation.

## COUNT III – PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-5

40.

Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

41.

The aggravating circumstances in the conduct against Plaintiff and intentions in committing the same entitle Plaintiff to an award of punitive damages to deter Defendants from repeating the trespass and as compensation for the wounded feelings of Plaintiff.

## COUNT V – ATTORNEYS' FEES AND EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

42.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

43.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

44.

Plaintiff put Defendants on notice that Plaintiff seeks attorneys' fees, litigation costs, and expenses from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c)          Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)          Reasonable attorney's fees and expenses of litigation;

(e)          Trial by jury as to all issues;

(f)          Prejudgment interest at the rate allowed by law;

(g)          Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h)          Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i)          All other relief to which he may be entitled.

Respectfully submitted the 19th day of April, 2021.

BARRETT & FARAHANY

/s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Plaintiff*

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
iesmith@justiceatwork.com